IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Faustino González Oyarzún<br><br>Plaintiff<br><br>v.<br><br>Caribbean City Builders; GIB Development LLC; and Me Salvé, Inc.; X, Y and Z<br><br>Defendants | Civil No. 2014-_____<br><br>Re: Age Discrimination in Employment<br><br>Trial by Jury Demanded |

## COMPLAINT AND DEMAND FOR JURY TRIAL

TO THE HONORABLE COURT:

Comes now plaintiff, Faustino GonzálezOyarzún, represented by his undersigned counsel and very respectfully alleges and prays as follows:

1.  This Court has federal questions jurisdiction based upon the "Age Discrimination in Employment Act", ("ADEA"), 29 U.S.C. 621 et seq., as amended. Also, this Court has diversity of citizenship jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. 1332 to adjudicate local law claims brought in this lawsuit.

2.  Jurisdiction arises under 28 U.S.C. 1331 and 1337 in that the matter in controversy arises under an Act of Congress regulating commerce and relating to age discrimination in employment. Also, jurisdiction arises under 28 U.S.C. 2201 and 2202. Lastly, there is diversity of citizenship jurisdiction under 28 U.S.C. 1332 because there are diverse parties in this matter and claims exceed $75,000.00.

3.  The Court's supplementary jurisdiction to entertain local law claims arising under the same set of operative facts is hereby invoked, too. The local claims in this action are based

upon: Law No. 100 of June 30th, 1959, as amended 29 Laws of P.R. Anno. 146 et seq., ("Law 100"); "Puerto Rico Unjust Dismissal Act", Law No. 80 of May 30th, 1976, as amended, 29 Laws of P.R. Anno 185(e), ("Law 80"); and "Puerto Rico Anti-Reprisal Act", Law No. 115 of December 20th, 1991, 29 Laws of P.R. Anno. 194 ("Law 115")". Also, the Court has diversity of citizenship jurisdiction over the mentioned local law claims.

4. The necessary procedural and administrative requirements to bring this action have been satisfied. A charge of age discrimination was filed before the Puerto Rico Antidiscrimination Unit ("ADU") and the Equal Employment Opportunity Commission ("EEOC"), on March 15th, 2013. Said filing was done within the applicable year (1) statute of limitations applicable to claims under Law 100; within the applicable three (3) years statute of limitation applicable to claims under Law 80 and Law 115; and within the one hundred and eighty (180) days and/or three hundred (300) days statute of limitations applicable to claims under ADEA. Said charge was subsequently amended to raise a claim for retaliation under the ADEA and Puerto Rico law..

5. The proper venue is in this Court.

6. Plaintiff, Faustino GonzálezOyarzún, ("González"), was born on December 19th, 1946, is of legal age, and a U.S. citizen. Gonzalez resides in Orlando, Florida.

7. González is an individual covered and protected by the federal and local legislation invoked in this action.

8. Defendants Caribbean City Builders ("CCB"); GIB Development, LLC, ("GIB"); Me Salvé, Inc., ("Me Salvé"), at all relevant times were González' employer as defined by the federal and local laws invoked in this action. CCB, GIB, and Me Salvé shall be jointly referred as Defendants. Defendants are legal entities created and operating under the laws of Puerto Rico

and with their principal place of business is Puerto Rico. X, Y and Z are hereby joined as unknown parties defendants, including, but not limited, to insurance companies that have issued insurance policies covering this action.

9. CCB, GIB, and Me Salvé share common ownership, work in integrated fashion, and exercise sufficient control over the terms and conditions of employment of González as to constitute joint and/or single employers, and thus, jointly liable to Gonzalez under the federal and local laws invoked in this lawsuit.

10. González started to work for Defendants on February 5th, 2007 as Administrator in charge, among others, of handling their real estate properties.

11. González was illegally terminated in his employment on September 25th, 2012. González was terminated due to his age. He was 65 years of age when terminated.

12. Defendants did not articulate a reason for this termination.

13. González' performance in his job was always excellent. He was never submitted to any disciplinary action.

14. Defendants hired two (2) substantially younger persons to perform González' duties and responsibilities. These persons are: Pilar González and Ana Pabón. Both were hired just weeks before González' termination. Both are in their late thirties or early forties.

15. Upon González' termination he was tendered a Termination Agreement, ("Agreement"). Copy of said Agreement shall be filed under seal and restricted to be viewed only by plaintiff, defendants, and the Court.

16. The Agreement is null and void under the "Older Workers Benefit Protection Act" ("OWBPA") 29 U.S.C. 626(f) and under Puerto Rico law.

17. The Agreement fails to establish a seven (7) days revocation term. Also, it fails to establish a twenty one (21) days deliberation term.

18. The Agreement does not provide adequate consideration for the waivers and releases obtained. The Agreement includes waiver of non-waivable rights and benefits.

19. The Agreement interferes improperly with the investigative duties and functions of federal and local administrative agencies dealing with discrimination in the employment.

20. The Agreement contains waiver of rights that requires approval by the Puerto Rico Secretary of Labor and/or the U.S. Department of Labor. The Agreement was not approved by either.  The Agreement contains waiver of rights that are not permissible even with the approval of the Puerto Rico Secretary of Labor and/or the U.S. Department of Labor.

21. The Agreement is not an obstacle to the prosecution of the claims brought in this lawsuit.  The tender back of any consideration is not required to prosecute this case.  The retention of said considerations is not a ratification of this otherwise null and void Agreement.

22. The Defendants' conduct was willful and in reckless disregard of Gonzalez' federally and locally protected rights.  Thus, liquidated damages and punitive damages are hereby requested.

23. Gonzalez upon filing his administrative charge with the UAD and the EEOC suffered adverse action by Defendants.  Defendants as a retaliatory measure filed a judicial claim against Gonzalez in the Puerto Rico Court of First Instance for having filed the charges before the ADU and the EEOC. Said conduct constitutes illegal retaliation under ADEA; Law 100; Law 115; and Law 80.

24. Gonzalez suffered past, present and future damages, including economic damages (in the form of less of income and benefits), compensatory damages such as mental suffer and anguishes with manifestation of, among others, bodily injury, sickness.

25. Plaintiff demands trial by jury in all causes of action.

    a. To enter declaratory judgment stating that the acts complained herein are in violation of ADEA, Puerto Rico Law 80, 100 and 115.

    b. That plaintiff Gonzalez be compensated for all his economic and mental suffering and anguishes, and other damages mentioned in this Complaint, in a sum not less than $3,000,000.00, including severance pay, and liquidation of accrued vacation leave.

    c. That compensatory, punitive, liquidated, and any other type of damages applicable be imposed.

    d. That damages be doubled as mandated by local law.

    e. That attorney's and expert's fees be awarded.

    f. That pre-judgment and post judgment interests be imposed.

    g. That cost and all litigation expenses be taxed.

    h. That Gonzalez be reinstated to his position under conditions were his right are not violated, and restitution of loss benefits.  If reinstatement is not practicable, then that Gonzalez be awarded front pay.

    i. That back and front pay be awarded.

    j. That all benefits lost be compensated.

    k. That injunctive relief be ordered.

l.      That plaintiffs be granted such other further relief as it may be deem appropriate and proper, including an order directing defendant to cease following a practice adverse to ADEA protected individuals.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this January 30, 2014.

                              S/ <u>Enrique J. Mendoza Mendez</u>
                                  Enrique J. Mendoza Mendez
                                  USDC-PR 202804

                              ***MENDOZA LAW OFFICES***
                                  P.O. Box 9282
                              San Juan, P.R. 00908-0282
                                Tel. (787) 722-5522; 722-5530;
                                    722-5540
                                Fax. (787) 723-7057
                        E-mail:  <u>mendozalo@yahoo.com</u>